IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENETIC TECHNOLOGIES LIMITED, an Australian corporation,<br><br>Plaintiff,<br><br>v.<br><br>AGILENT TECHNOLOGIES, INC., a Delaware corporation,<br><br>Defendant.<br>_____/ | No. C 12-01616 RS<br>**CORRECTED**<br>**ORDER GRANTING MOTION TO STAY AND DENYING MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Genetic Technologies Limited ("GT") originally brought this action for infringement of U.S. Patent No. 5,612,179 ("the '179 patent") against multiple defendants in the District Court of Colorado. That Court severed plaintiff's claims against Agilent and transferred the matter to this District. Plaintiff subsequently filed a motion seeking transfer and consolidation of the cases before the Judicial Panel on Multidistrict Litigation, pursuant to 28 U.S.C. § 1407. Shortly thereafter, defendant Agilent Technologies, Inc., moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Genetic responded with a motion to stay litigation pending resolution of its motion to initiate multidistrict litigation ("MDL"). Both motions are fully briefed and suitable for disposition without a hearing, pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, plaintiff's motion to stay is granted, and defendant's motion to dismiss is denied.

## II. BACKGROUND

Plaintiff GT filed a single complaint asserting indirect infringement of the '179 patent against multiple defendants, including Agilent, in the District Court of Colorado. The '179 patent is generally directed to claiming methods for analyzing variations in non-coding regions of DNA sequences to detect linked coding region alleles. The original complaint alleged direct and indirect infringement. Agilent, like most of the other defendants, moved to dismiss, and GT, after obtaining leave from the Court, filed an amended complaint omitting its previously asserted claims of direct infringement. The operative Amended Complaint thus alleges Agilent committed inducement and contributory infringement by selling, and encouraging its customers to use, certain technology, including Agilent's "Bioanalyzer product," "GeneSpring Analysis Platform," and "Comparative Genomic Hybridization Microarray products." (*See* Amend. Compl. ¶¶ 30-32). Upon amendment, defendants renewed their motion to dismiss. While that motion was still pending, and following some preliminary proceedings, the District Court granted defendants' respective motions to sever plaintiff's claims against each of them, and transferred the resulting cases to various venues around the country. It denied defendants' remaining motions to dismiss as moot.

On April 20, 2012, plaintiff filed a MDL motion to consolidate the severed actions and transfer them back to the District of Colorado, pursuant to 28 U.S.C. § 1407. Briefing on the motion was completed May 18, 2012, and Agilent estimates the MDL panel may resolve the motion by August of 2012. (Def.'s Opp'n to Mot. to Stay at 5:9-10). In the meantime, Agilent moved to dismiss GT's complaint for failure to state a claim for either inducement or contributory infringement, arguing that Agilent had failed to identify sufficiently the allegedly infringing products, as well as the supposed direct infringers, among other things. Additionally, Agilent maintains, "as a [m]atter of [s]cience and [l]ogic," that GT has failed to state a plausible claim for relief, because its allegations do not correspond to the '179 patent claims on a technical level. One day after Agilent moved to dismiss, GT moved to stay proceedings pending resolution of its MDL filing.

### III. DISCUSSION

Plaintiff moves to stay litigation in this forum pending resolution of its outstanding MDL motion to transfer and consolidate. While a district court need not stay a matter or even defer a

2

ruling on a motion in a case that is referred to the MDL panel, it has the power to do so. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"). Evaluation of the matter turns on two factors: (1) the possibility of hardship or prejudice to the parties; and (2) the interests of conserving judicial resources by avoiding duplicative litigation if the cases are in fact consolidated by the MDL panel. *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal.1997); *Frietas v. McKesson Corp.*, No. C 11-05967, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012) (citing *In re iPhone Application Litig.*, No. C 10-05878, 2011 L 2149102, at *1 (N.D. Cal. May 31, 2011)).

Here, GT argues that if its MDL motion is granted, all of the defendants are likely to renew their respective motions to dismiss before the District Court of Colorado, raising many of the same issues presented by Agilent's instant motion to dismiss. In that event, GT notes, the pleadings would be evaluated under Tenth Circuit law by the Court in Colorado. To avoid any possible inconsistency, and the inconvenience to plaintiff of litigating similar issues in separate fora, GT urges staying litigation. It also suggests that Agilent cannot suffer prejudice or hardship as a result of the delay, as it twice requested to stay proceedings before the Colorado Court. Agilent responds that resolution of its motion to dismiss is the best use of judicial resources, particularly if it prevails. It argues that it should not be "forced to engage in unnecessary MDL motion practice based on an infringement pleading that is fatally deficient in the first place." (Def.'s Opp'n to Mot. to Stay at 5:28-6:1).

Agilent's position assumes, of course, that it will prevail on its motion to dismiss. Simply presuming that result, however, does not answer the relevant question, which is how most efficiently to adjudicate the case. On that score, the record is not in Agilent's favor. While the motion to dismiss advances some arguments that are specific to Agilent's own case, such as the specificity with which plaintiff has identified its allegedly infringing products and customers, it also raises a host of highly technical arguments in order to question the adequacy and plausibility of GT's allegations of infringement. These kinds of issues rarely warrant resolution pursuant to Rule 12(b)(6), and require a great deal of familiarity with the underlying technology. To the extent the

motion highlights general infringement pleading defects, such issues may be addressed by the other defendants' parallel motions to dismiss. Likewise, if GT's MDL motion is granted, Agilent's arguments concerning its particular products and customers may be more easily resolved, and without risk of inconsistency, by the Court in Colorado. From the perspective of conserving judicial resources, the most prudent course of action is to stay litigation.

Agilent has not identified any prejudice or hardship that may result from the institution of a stay likely to last two to three months. The MDL motion has already been briefed, so defendant has not been "forced to engage in unnecessary MDL motion practice" due to the stay. Although Agilent not surprisingly wishes the case to be dismissed immediately, even if it successfully argues plaintiff has failed to state a claim, GT would almost certainly be entitled to an opportunity to amend, which would simply initiate the next round of costly practice on the pleadings. If, contrary to Agilent's expectation, its motion to dismiss is denied, then proceeding with litigation will simply advance the case by one incremental step. If GT's MDL motion is granted, however, then adjudication of Agilent's motion to dismiss – regardless of the result – may prove duplicative, and while Agilent insists that requiring GT to litigate in multiple fora is not burdensome or unfair, judicial resources are also implicated. A two to three month delay to avoid that contingency works no prejudice or hardship.

Accordingly, the motion to stay proceedings pending resolution of plaintiff's MDL motion is granted. The parties are directed to notify the Court promptly once a decision is reached by the MDL panel, and the initial case management conference, currently scheduled for July 19, 2012, is continued to September 6, 2012.[1] Agilent's motion to dismiss is denied without prejudice.

## IV. CONCLUSION

For the reasons set forth above, plaintiff's motion stay is granted, and defendant's motion to dismiss is therefore denied.

IT IS SO ORDERED.

---

[1] The date is subject to change if the MDL panel resolves plaintiff's motion in the interim.

Dated: 7-16-12

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE