UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GENETIC TECHNOLOGIES
LIMITED ('179) PATENT LITIGATION                                    MDL No. 2376

ORDER DENYING TRANSFER

**Before the Panel**:[*] Pursuant to 28 U.S.C. § 1407, patentholder Genetic Technologies Limited (GT) seeks centralization in the District of Colorado or, alternatively, the Northern District of California of six actions involving the alleged infringement of a patent concerning methods of genetic testing. This litigation currently consists of six actions[1] listed on Schedule A and pending in four districts.

All responding defendants oppose centralization. Defendants Bristol-Myers Squibb Co., Pfizer, Inc., and Merial LLC alternatively suggest centralization in the District of Delaware. Defendant 454 Life Sciences Corp. (454) alternatively suggests centralization in any district in which an action is currently pending.

On the basis of the papers filed and hearing session held, we are not persuaded that centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation at this time. These actions involve similar allegations of infringement of GT's U.S. Patent No. 5,612,179 entitled "Intron Sequence Analysis Method for Detection of Adjacent and Remote Locus Alleles as Haplotypes," which expired in March 2010. Despite the existence of some factual overlap among the present actions, GT has failed to convince us that centralization is necessary in these circumstances.

Several factors weigh against centralization. The patent's litigation history suggests that most actions that have been filed in the past several years have not required significant judicial attention. GT has filed at least nine actions over the course of the past nine years against at least 24 defendants, and only one case has proceeded to claim construction. *See Genetic Techs. Ltd. v. Applera Corp.*, N.D. California, No. 03cv1316. Recently, an action filed in the Western District of Texas against seven defendants was resolved in a little over a year. *See Genetic Techs. Ltd. v. Am. Esoteric Labs.*

---

[*] Judges Marjorie O. Rendell and Charles R. Breyer did not participate in the decision of this matter.

[1] Plaintiff's motion originally included seven actions, but a District of Nebraska action (*Geneseek*) has since been dismissed.

- 2 -

*et al.*, W.D. Texas, C.A. No. 11cv057.  In fact, only six of the ten defendants named in the original District of Colorado action, in which the defendants were severed and then transferred to their present districts, continue to litigate their claims.  As in *In re ArrivalStar*,[2] the litigation history of similar cases suggests that the advantages centralization typically affords – i.e., reducing duplicative discovery and motion practice, etc. – may not be relevant to most litigants.  Further, GT has a fairly extensive licensing history, reportedly issuing licenses for the technology to over 60 entities.

Also weighing in favor of denying centralization is that certain defendants have idiosyncratic potentially dispositive defenses that will implicate significant unique facts.  As examples, 454 claims laches, estoppel and/or waiver,[3] and Merial contends that the claims against it are barred because of a release in a settlement agreement previously entered into by GT, to which Merial is a third party beneficiary.  Moreover, the opportunities for common discovery may be more limited here than in other circumstances because the inventor of the common patent, Malcolm Simons – who may have been able to speak to issues of claim construction, patent conception and reduction of the invention to practice – passed away in January 2012.  The other major witness GT identified – Dr. Mervyn Jacobson, GT's Vice President of Global Licensing and Intellectual Property – is in Australia for criminal proceedings related to market manipulation (but unrelated to this litigation).  Finally, with all three Delaware actions pending before the same judge and the six actions on the motion pending in only four districts before four judges, coordination among the involved courts – if necessary – may be a workable alternative to formal centralization.

Though we are denying centralization, we nevertheless encourage the parties and involved courts to pursue various alternative approaches, should the need arise, to minimize the potential for duplicative discovery and inconsistent pretrial rulings.  *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

---

[2] *See In re: ArrivalStar*, 802 F. Supp. 2d at 1379 ("[T]he patentholder, and other parties opposing centralization of their individual actions, have convinced us that centralization in fact may thwart the orderly resolution of these patent cases.  ArrivalStar has brought nearly 100 actions since it began bringing infringement suits in various districts across the country approximately seven years ago, and none of the actions thus far appear to have required significant judicial attention.").

[3] 454's answer notes that GT made several assertions of infringement against it and its predecessor, CuraGen, starting in at least 2003 and continuing through 2006.  In spite of repeated threats of suit, and after years of allegedly prejudicial silence, GT delayed until May 2011 to bring suit against 454.

- 3 -

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Barbara S. Jones | Paul J. Barbadoro |

**IN RE: GENETIC TECHNOLOGIES
LIMITED ('179) PATENT LITIGATION**  MDL No. 2376

## SCHEDULE A

<u>Northern District of California</u>

Genetic Technologies Limited v. Agilent Technologies, Inc., C.A. No. 3:12-01616

<u>District of Connecticut</u>

Genetic Technologies Limited v. 454 Life Sciences Corporation, C.A. No. 3:12-00461

<u>District of Delaware</u>

Genetic Technologies Limited v. Bristol-Myers Squibb Company, C.A. No. 1:12-00394
Genetic Technologies Limited v. Pfizer, Inc., C.A. No. 1:12-00395
Genetic Technologies Limited v. Merial L.L.C., C.A. No. 1:12-00396

<u>Middle District of North Carolina</u>

Genetic Technologies Limited v. GlaxoSmithKline LLC, C.A. No. 1:12-00299