IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GENETIC TECHNOLOGIES LIMITED, an Australian corporation,<br><br>Plaintiff,<br>v.<br><br>AGILENT TECHNOLOGIES, INC., a Delaware corporation,<br><br>Defendant. | No. CV 12-01616 RS<br><br>**ORDER DENYING MOTION TO STRIKE AND GRANTING MOTION TO DISMISS** |

Pursuant to Civil Local Rule 7-1(b), plaintiff Genetic Technologies Limited's motions to dismiss and to strike have been submitted without oral argument. Both motions will be denied.

1. *Motion to strike*

Genetic seeks to strike the answer of defendant Agilent Technologies, Inc., contending it fails to comply with the requirement of Rule 8(b) of the Federal Rules of Civil Procedure that each allegation of a complaint be either admitted, denied, or responded to with a statement that the pleader lacks knowledge or information sufficient to form a belief about the truth of the allegation (which has the same effect as a denial). Genetic objects that Agilent has instead included assertions that the complaint comprises legal conclusions and material based on documents that "speak for themselves" or on "purported expert opinion," which Agilent contends require no response.

Relying primarily on *Frank v. Wilber-Ellis Co. Salaried Employees Ltd. Plan*, 2008 U.S. Dist. LEXIS 83127 (E.D. Cal. Sept. 24, 2008) and cases cited therein, Genetic insists such content in answers is improper and subject to being stricken.

Granting or denying a motion to strike lies within the discretion of the court. *See Federal Sav. & Loan Ins. Corp. v. Gemini Mgmt.*, 921 F.2d 241, 244 (9th Cir. 1990). *Barnes v. AT&T Pension Benefit Plan*, 718 F.Supp.2d 1167, 1170 (N.D. Cal 2010) (Rule 12(f) motions "are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits.") The *Frank* decision, and those cited by that court, reflect a concern that defendants not be permitted to "duck specific factual allegations."

Here, Agilent's answer does not represent an effort to avoid taking a position on the truth or falsity of any specific allegation of fact. The answer adequately admits or denies each allegation (or states a lack of knowledge or information sufficient to do so). While the propriety of including additional matter, essentially explanatory and/or argumentative in nature, is debatable, in this instance Agilent is not hiding behind those further statements. Genetic complains it cannot determine which portions of various paragraphs Agilent is denying because the answer frequently sets out the purportedly improper material first, and then denies only the "remaining" allegations. Read with a hyper-literal eye, there may indeed be some such ambiguity. In the notice pleading system, however, there is no undue uncertainty as to what has been admitted, and what remains to be litigated in this action. No salutary purpose would be served by requiring minor wording changes to remove what is at most only theoretical ambiguity. The motion to strike is denied.

2. *Motion to dismiss*

Agilent's Counterclaim IV is entitled "Bad Faith Litigation" and alleges that "Agilent is entitled to attorneys' fees, expenses, and costs of this action pursuant to 35 U.S.C. § 285." Although Agilent has pointed to some older out-of-district cases in which such claims were permitted to stand as independent counts, a right to attorney fees under § 285 arises, if at all, only at the conclusion of the litigation. As such, it is not a stand-alone claim to be pleaded and litigated

during the course of the proceeding. *See generally*, *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (prevailing party determination to be made at conclusion of action). Accordingly, the motion to dismiss will be granted. That said, the dismissal of the count has no substantive or practical effect on the litigation, or the parties' ultimate rights. Contrary to Genetic's argument, the mere assertion in the counterclaim of a right to fees under § 285 would not have expanded the permissible scope of discovery or of the trial. Thus, while the dismissal motion may have been technically well-taken, it did not serve materially to advance the litigation or its efficient resolution. Obviously, leave to amend would serve no purpose either, and will not be granted.

IT IS SO ORDERED.

DATED: 8/11/14

_____
RICHARD SEEBORG
United States District Judge